IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| for the use and benefit of ALLIED | ) | Case No. CV-05-372-E-BLW |
| CONTRACTORS GROUP, | ) | |
| L.L.C. and ALLIED | ) | **MEMORANDUM DECISION** |
| CONTRACTORS GROUP, L.L.C., | ) | **AND ORDER** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDSTROM CONSTRUCTION | ) | |
| INC., and INSURANCE CO. | ) | |
| OF THE WEST, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it ECI's motion for summary judgment.  The Court

heard oral argument on November 7, 2006, and took the motion under advisement.

For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

### 1.   Jurisdiction

ECI challenges this Court's jurisdiction, pointing out that Allied's counsel

conceded at oral argument that Allied was not a subcontractor.  However, there is

**Memorandum Decision and Order – Page 1**

no restriction under the Miller Act requiring plaintiffs to prove that they are "subcontractors."  Instead, the Miller Act affords protection to "[e]very person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this title . . . ."  *See* 40 U.S.C. § 3133(b)(1).

Allied alleges that it furnished labor to ECI, an entity that furnished a bond pursuant to 40 U.S.C. § 3131.  No more is required; there is no additional requirement that Allied be found to be a "subcontractor."  It is true that "subcontractor" status can be crucial in identifying *defendants* who are subject to a Miller Act suit.  That is discussed in the case cited by ECI, *U.S. ex rel. Conveyor Rental & Sales Co. v. Aetna Cas. & Sur.,* 981 F.2d 448 (9th Cir. 1992) (holding that the only proper defendants in a Miller Act case are the general contractor and subcontractors).  Here, however, there is no question that ECI is the general contractor, subject to suit.  Accordingly, the Court finds that it has subject matter jurisdiction over the Miller Act claim.

## 2.    <u>Summary Judgment</u>

ECI presents substantial evidence that Brent Cleaves was their employee. Most telling is the W-4 statement showing Cleaves to be an employee of ECI. While this evidence is persuasive, there is contrary evidence precluding summary

**Memorandum Decision and Order – Page 2**

judgment.  Specifically, Cleaves alleges in his affidavit that (1) there was an oral agreement that ECI would pay $100,000 plus a percentage of extras to Allied for the services of Cleaves; (2) that officials of ECI knew that Cleaves was receiving a $1,500 a month salary from Allied while he worked for ECI; and (3) that Allied provided two pickup trucks for use on the ECI project.

The Court cannot agree with ECI that Cleave's affidavit should be disregarded as a mere "scintilla" of evidence.  In fact, the affidavit is substantial enough to create a genuine issue of material fact.  The Court will therefore deny summary judgment.

**3.**    **Trial Date**

The Court shall set trial for February 1, 2007, at 9:00 a.m. in the Federal Courthouse in Pocatello, Idaho.  This shall be a 2-day court trial.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment (Docket No. 10) is DENIED.

IT IS FURTHER ORDERED, that trial be set for February 1, 2007, at 9:00

a.m. in the Federal Courthouse in Pocatello, Idaho.  This shall be a 2-day court trial.



DATED:  **November 9, 2006**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 4**